UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON LAMONT MILLER,

                Petitioner,                Case No. 2:17-cv-13122
                                                                    Hon. Laurie J. Michelson

v.

ERIC BALACARCEL,

                Respondent.

_____/

**OPINION AND ORDER DENYING MOTION TO DISMISS [11] AND HOLDING CASE IN ABEYANCE**

Jason Lamont Miller filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Miller challenges his conviction for, among things, first-degree murder.

Miller raises seven claims: (1) counsel's failure to engage in pretrial preparation constituted a constructive denial of counsel, (2) the trial court's characterization of the complainants as "victims" indicated bias, (3) his right to a public trial was violated by the closure of the courtroom during jury selection, (4) trial counsel was ineffective for failing to object to the trial court's findings following trial, (5) trial counsel was ineffective for failing to interview Miller's co-defendants, (6) his appellate counsel was ineffective for failing to raise the foregoing claims on direct appeal, and (7) his convictions were not supported by sufficient evidence.

Presently before the Court is the Warden's motion to dismiss Miller's petition on the grounds that his first six claims have not been exhausted in the state courts. Because of concerns posed by the statute of limitations, the Court will deny the motion and instead hold the case in abeyance while Miller completes his state post-conviction review proceeding.

1

I.

Following his conviction and sentence Miller raised what now forms his seventh habeas claim as well as two claims not presented here in the Michigan Court of Appeals on direct review. His conviction was affirmed in an unpublished opinion. *People v. Miller*, 2015 WL 7574325 (Mich. Ct. App. Nov. 24, 2015).

Miller subsequently filed an application for leave to appeal in the Michigan Supreme Court raising the same claims. On June 28, 2016, the Michigan Supreme Court denied the application by form order. *People v. Miller*, 880 N.W.2d 582 (2016). The one-year statute of limitations for filing his federal habeas petition begin running 90 days later, on September 26, 2016.

On or about September 22, 2017, days before the limitations period expired, Miller through counsel filed a motion for relief from judgment in the trial court, raising what now form his first six habeas claims. The trial court denied the motion by order dated April 24, 2018. Miller appealed that order, and on December 21, 2018, the Michigan Court of Appeals denied his delayed application for leave to appeal. *People v. Miller*, No. 346059 (Mich. Ct. App. Dec. 21, 2018) (order denying delayed application for leave to appeal). But on February 14, 2019, Miller sought leave from the Michigan Supreme Court. His request for leave is pending as of today (February 22, 2019).

On or about the same date Miller filed his motion for relief from judgment, he also filed his federal habeas petition, raising the sufficiency of the evidence claim exhausted during his direct appeal and the six claims not yet exhausted in his state post-conviction review proceeding.

Miller's counsel successfully moved to withdraw from the case, and Miller is now proceeding pro se. (ECF Nos. 8, 9.)

The Warden filed a motion to dismiss the petition because it contains unexhausted claims. Dkt. 11.

II.

The doctrine of exhaustion of state remedies requires state prisoners to present all their claims to the state courts before raising their claims in a federal habeas corpus petition. See 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847. Thus, to be properly exhausted, each habeas claim must have been fairly presented to the state court of appeals and to the state supreme court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). Federal district courts ordinarily must dismiss a habeas petition containing any unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982).

Miller's seventh claim was exhausted during his direct appeal, but his other claims are not yet exhausted. Thus, the habeas petition is a "mixed" petition of one exhausted claim and six unexhausted claims.

The outright dismissal of the petition while Miller completes exhaustion of his state remedies could result in a subsequent petition being barred by the applicable one-year statute of limitations. Only a few days remained on the limitations period when Miller filed his motion for relief from judgment and habeas petition. See 28 U.S.C. § 2244(d)(2). Given the tension created by the interplay between the statute of limitations and the exhaustion requirement, courts are permitted to employ a "stay-and-abeyance" approach. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). This approach allows a district court to stay the federal proceeding and hold the habeas petition in

3

abeyance while the petitioner pursues state remedies for his unexhausted claims. *Id*. After the Michigan Supreme Court completes its review of Miller's claims, the federal court can lift its stay and allow him to proceed in federal court. *See id*. at 275–76.

This stay-and-abeyance procedure is appropriate only in "limited circumstances." *Id*. at 277. However, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278. "In such circumstances, the district court should stay, rather than dismiss, the mixed petition," because "the petitioner's interest in obtaining federal review of his claims outweighs the competing interest in finality and speedy resolution of federal petitions." *Id*.

Miller's unexhausted claims are not plainly meritless, and he claims his appellate counsel was ineffective for failing to raise them on direct review. Furthermore, there is no indication that Miller is engaged in intentionally dilatory litigation tactics.

III.

Accordingly, the Court will deny the Warden's motion to dismiss and instead it will stay Miller's habeas corpus petition and hold this case in abeyance while Miller completes exhaustion of his first through sixth habeas claims.

If Miller is unsuccessful in state court and wishes to return to federal court, he must move to re-open this case within sixty (60) days of exhausting state remedies for his claims. The motion must include the same case number that appears on this order. Failure to comply with the conditions of this stay could result in the dismissal of this case. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

4

Finally, to avoid administrative difficulties, the Court orders the Clerk of Court to close this case. Nothing in this order shall be considered a disposition of the habeas petition.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: February 22, 2019

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, February 22, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

s/William Barkholz
Case Manager