UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON LAMAR MILLER,

    Plaintiff,

v.

ERICK BALCARCEL, *Warden*,

    Defendant.

Case No. 2:17-cv-13122-LJM-SDD
Honorable Laurie J. Michelson

**ORDER REOPENING CASE,
DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL [15], AND
DIRECTING WARDEN TO RESPOND TO PETITION**

Jason Miller seeks a writ of habeas corpus. And he, apparently, would like help from David Moffit, an attorney, in seeking that relief. To be more precise, Moffit, on behalf of Miller, has filed a motion to be appointed Miller's counsel "to research, prepare, file a Petition for Writ of Habeas Corpus and Reply to the State's Response." (ECF No. 15, PageID.2086.)

Moffit is correct that § 3006A permits this Court to appoint counsel in a proceeding pursuant to 28 U.S.C. § 2254. But § 3006A leaves the decision to a court's discretion. *See* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28."); *see also Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986).

For several reasons, the Court is not yet satisfied that "interests of justice . . . require" that Moffit be appointed Miller's counsel. First, the motion to appoint counsel states that the appointment would be to prepare a petition and to prepare a reply to the Warden's response. But it appears that Moffit has already prepared and filed an amended petition for Miller. (ECF No.

16.) So the appointment would really be for a reply brief, which is not yet due. Second, as this Court stated in its order denying Miller's first request to appoint Moffit, the claims asserted in the petition—trial counsel's failure to adequately investigate, the trial court's use of the term "victim," non-public trial, trial counsel's failure to ensure guilt was determined beyond a reasonable doubt, insufficient evidence, and appellate counsel's ineffectiveness—do not strike the Court as unique or unusually complex. *See Martin v. Fayram*, 849 F.3d 691, 699 (8th Cir. 2017) ("In exercising its discretion to appoint counsel [under § 3006A and § 2254(h),] . . . the district court should first determine whether . . . [the] petitioner has presented a nonfrivolous claim, and then should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." (internal quotation marks and citations omitted)). Third, the Court would prefer some input from Miller that he has been informed of Moffit's experience in federal habeas corpus matters and, so informed, would like Moffit to draft a reply brief for him.

Accordingly, the Court orders as follows. The case is reopened. The Warden is to respond to the amended petition by January 17, 2020. At which point, Miller and Moffit will have until February 14, 2020 to review the Warden's response brief. After that four-week period, if Miller wants Moffit to file a reply brief on his behalf, and Moffit is willing to do so, the Court will consider a renewed motion to appoint counsel. The Court would likely grant such a motion and approve CJA funding for the preparation and filing of a reply brief if the renewed motion to appoint counsel (1) includes an affidavit from Miller indicating that he understands Moffit's experience in the area of federal habeas corpus and desires that Moffit draft a reply and (2) includes an estimate of the time for preparing the reply brief and the estimate is reasonable. Further, the Court expects that any reply brief prepared by Moffit will not be a complete rehash

of the state-court briefs that Moffit prepared for Miller. To the extent the state courts adjudicated Miller's claims "on the merits," the reply brief should explain why the state courts' adjudication of the claims resulted in a decision that involved an unreasonable application of the Supreme Court's holdings, was contrary to the Supreme Court holdings, or was based on unreasonable fact finding. *See* 28 U.S.C. § 2254(d).

SO ORDERED.

Dated: October 15, 2019

s/Laurie J. Michelson<br>LAURIE J. MICHELSON<br>UNITED STATES DISTRICT JUDGE

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on October 15, 2019.

s/Erica Karhoff<br>Case Manager to<br>Honorable Laurie J. Michelson